JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANIRA COVARRUBIAS,<br><br>                              Plaintiff,<br><br>        v.<br><br>MERCEDES-BENZ USA, LLC, et al.,<br><br>                              Defendants. | Case No. 2:23-cv-09375-FLA (JCx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

## <u>RULING</u>

On October 2, 2023, Plaintiff Yanira Covarrubias ("Plaintiff") initiated this action against Defendant Mercedes-Benz USA, LLC ("Defendant") in the Los Angeles County Superior Court.  Dkt. 1-1 ("Compl.").  The Complaint alleges two causes of action, both stemming from the Song-Beverly Consumer Warranty Act (the "Song-Beverly Act").  *Id.*  Plaintiff seeks actual damages, civil penalties, and attorney's fees.  *Id.*

On November 6, 2023, Defendant removed the action to this court based on alleged diversity jurisdiction.  Dkt. 1 ("NOR").  In its Notice of Removal, Defendant alleges the court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.  *Id.* at 3–5.

1

1    On January 3, 2024, the court ordered the parties to show cause why the action

2 should not be remanded for lack of subject matter jurisdiction due to an insufficient

3 amount in controversy.  Dkt. 14 ("OSC").  Both Plaintiff and Defendant filed

4 responses.  Dkts. 16, 17 ("Def. Resp.").

5    Having reviewed the Notice of Removal and the responses to this court's Order

6 to Show Cause, and for the following reasons, the court finds Defendant fails to

7 establish subject matter jurisdiction and accordingly REMANDS this action to the Los

8 Angeles County Superior Court.

9                                    **DISCUSSION**

10    Federal courts are courts of "limited jurisdiction," possessing "only that power

11 authorized by the Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of*

12 *Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  District courts are

13 presumed to lack jurisdiction unless the contrary appears affirmatively from the

14 record.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).

15 Additionally, federal courts have an obligation to examine jurisdiction sua sponte

16 before proceeding to the merits of a case.  *See Ruhrgas AG v. Marathon Oil Co.*, 526

17 U.S. 574, 583 (1999).

18    Federal courts have jurisdiction where an action arises under federal law or

19 where each plaintiff's citizenship is diverse from each defendant's citizenship and the

20 amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C.

21 §§ 1331, 1332(a).  Thus, a notice removing an action from state court to federal court

22 must include "a plausible allegation that the amount in controversy exceeds the

23 jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574

24 U.S. 81, 89 (2014).  Where "the plaintiff contests, or the court questions, the

25 defendant's allegation" concerning the amount in controversy, "both sides [shall]

26 submit proof," and the court may then decide whether the defendant has proven the

27 amount in controversy "by a preponderance of the evidence."  *Id.* at 88–89.  "Federal

28 jurisdiction must be rejected if there is any doubt as to the right of removal in the first

1   instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  It is Defendant's

2   burden as the removing party to justify this court's exercise of jurisdiction.  *Id.* at 567.

3       **A.    Actual Damages**

4       At issue here is whether the amount of money Plaintiff places in controversy

5   with the two Song-Beverly Act claims is sufficient.  Under the Song-Beverly Act, a

6   plaintiff may recover "in an amount equal to the actual price paid or payable by the

7   buyer," reduced by "that amount directly attributable to use by the buyer."  Cal. Civ.

8   Code § 1793.2(d)(2)(B)–(C).  This includes a mileage offset.  The offset is calculated

9   by reducing the purchase price by an amount directly proportional to the number of

10  miles driven.  *See id.* § 1793.2(d)(2)(C).

11      Here, Defendant argues that Plaintiff's prayer for actual damages places

12  $180,652.41 in controversy, based on the "price paid or payable for the subject

13  vehicle," which includes Plaintiff's total financing obligations throughout the maturity

14  of the loan.[1]  Def. Resp. at 2.  Defendant further calculates an offset of $3,098.19,

15  based on the mileage of the vehicle at the time Plaintiff first presented the vehicle for

16  repair.  *Id.* at 6.  Specifically, Defendant's counsel attests that, "based on [counsel's]

17  review of the file materials in this case, including the repair orders for the subject

18  vehicle, Plaintiff's first warrantable concern during Plaintiff's ownership occurred at

19  2,062 miles[.]"  Dkt. 17-1 ¶ 3.

20      This is insufficient.  Despite the court's encouragement to the parties to submit

21  evidence, *see* OSC at 2–3, Defendant provides none aside from the declaration from

22  its counsel.  Defendant's counsel is not a fact witness and her statements in this regard

23  are not evidence.  *See* Ninth Circuit Manual of Model Civil Jury Instructions No. 1.10

24  (2017).  Further, counsel's declaration is deficient insofar as it does not articulate *how*

25  _____

26  [1] Defendant provides a Kelley Blue Book Pricing report for the subject vehicle.  NOR,
    Ex. B.  Even if the court were to accept the report as evidence of the subject vehicle's
27  trade-in value, Defendant does not articulate how such evidence would affect the
    actual damages calculation here.
28

counsel reached such a conclusion.  Defendant's assertion that the "total sales price of the vehicle" should serve as the benchmark for calculating Plaintiff's actual damages is alone insufficient to meet the amount in controversy requirement without adequate consideration of the vehicle offset.

Defendant argues two additional damages categories bring the amount in controversy to over $75,000: civil penalties and attorney's fees.  For the following reasons, however, Defendant fails to demonstrate the amount in controversy under either of these categories brings the action past the jurisdictional threshold.

## B.   Civil Penalties

Defendant's inclusion of civil penalties to establish the amount in controversy is highly speculative and insufficient to meet its burden.  "A plaintiff who establishes that a violation of the Song-Beverly Act was willful may recover a civil penalty of up to two times the amount of actual damages."  *Estrada v. FCA US LLC*, Case No. 2:20-cv-10453-PA (JPRx), 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) (citing Cal. Civ. Code § 1794(c)) (brackets omitted).  However, "'[t]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed.'"  *Pennon v. Subaru of Am., Inc.*, Case No. 2:22-cv-03015-SB (RAOx), 2022 WL 2208578, at *2 (C.D. Cal. June 17, 2022) (remanding action where defendant provided no specific argument or evidence for including a civil penalty in the amount in controversy) (quoting *Castillo v. FCA USA, LLC*, Case No. 3:19-cv-00151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019)).

Instead, district courts regularly find that a Song-Beverly Act plaintiff's mere allegations regarding a defendant's willfulness are, without more, insufficient to place civil penalties in controversy.  *Estrada*, 2021 WL 223249, at *3 (collecting cases and remanding where defendant's inclusion of civil penalties to establish amount in controversy was "too speculative and not adequately supported by the facts and evidence").  This is because "[s]imply assuming a civil penalty award is inconsistent with the principle that the defendant must provide evidence that it is more likely than

not that the amount in controversy requirement is satisfied." *Makol v. Jaguar Land Rover N. Am., LLC*, Case No. 5:18-cv-03414-NC, 2018 WL 3194424, at *3 (N.D. Cal. June 28, 2018) (internal quotation marks removed); *see also Khachatryan v. BMW of N. Am., LLC*, Case No. 2:21-cv-01290-PA (PDx), 2021 WL 927266, at *2 (C.D. Cal. Mar. 10, 2021).

Here, Defendant cites four cases in which civil penalties were awarded in Song-Beverly Act cases. Def. Resp. at 4–5. Defendant does not, however, address how the facts of those actions are similar to the instant matter. Defendant also fails to prove "that it is reasonable to double the amount of actual damages in arriving [at] the size of the likely award." *Pennon*, 2021 WL 2208578, at *2.

### C.    Attorney's Fees

Defendant's inclusion of attorney's fees to establish the amount in controversy, likewise, is speculative and insufficient to meet its burden. In the Ninth Circuit, attorney's fees awarded under fee-shifting statutes may be considered in assessing the jurisdictional threshold. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 (9th Cir. 2016). But, before doing so, a removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and must "make this showing with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.*

"While a defendant may meet its burden to establish a reasonable estimate of attorneys' fees by identifying awards in other cases, those cases must be similar enough to the case at hand that the court can conclude that it is more likely than not that the plaintiff may incur a similar fee award." *Kaplan v. BMW of N. Am., LLC*, Case No. 3:21-cv-00857-TWR (AGS), 2021 WL 4352340, at *6 (S.D. Cal. Sept. 24, 2021); *cf. D'Amico v. Ford Motor Co.*, Case No. 2:20-cv-02985-CJC (JCx), 2020 WL

1   2614610, at \*4 (C.D. Cal. May 21, 2020) ("[M]any cases alleging violations of the

2   [Song-Beverly] Act settle early.").  Moreover, a defendant fails to show attorney's

3   fees are part of the amount in controversy where it "makes no effort to explain what

4   amount of attorney fees might be sought or awarded in this case, neglecting to include

5   so much as an estimate of the hour or billing rates that might apply." *Vega v. FCA*

6   *US, LLC*, Case No. 2:21-cv-05128-VAP (MRWx), 2021 WL 3771795, at \*4 (C.D.

7   Cal. Aug. 25, 2021); *Garcia v. FCA US LLC*, Case No. 2:20-cv-04779-VAP (MRWx),

8   2020 WL 4219614, at \*3 (C.D. Cal. July 22, 2020).

9         Defendant fails in its burden with respect to attorney's fees.  It cites six cases in

10  which the trial court awarded attorney's fees in amounts exceeding $100,000.  Def.

11  Resp. at 7–8.  Defendant, however, fails to explain how this action is similar to those

12  cases where the court awarded such attorney's fees, beyond noting they also involved

13  Song-Beverly Act claims and/or the same Plaintiff's counsel.  *See id.*  Defendant also

14  calculates a lodestar estimate for a potential statutory attorney's fee award in this

15  action of $39,000.  *Id.* at 8.  This figure, alone, does not demonstrate the amount in

16  controversy requirement is met here.

17        Prevailing case authority does not support the proposition that district courts

18  weighing subject matter jurisdiction in Song-Beverly Act claims must assume that the

19  upper extreme of attorney's fee awards granted in other Song-Beverly Act cases must

20  be included in the amount in controversy.  If this were the law, district courts would

21  be unable to remand Song-Beverly Act cases for insufficient amounts in controversy.

22  District courts, however, regularly do so.  *See, e.g., D'Amico*, 2020 WL 2614610;

23  *Sood v. FCA US, LLC*, Case No. 2:21-cv-04287-RSWL (SKx), 2021 WL 4786451

24  (C.D. Cal. Oct. 4, 2021); *Vega*, 2021 WL 3771795, at \*3; *Garcia*, 2020 WL 4219614,

25  at \*3.  Given that the removal statute is construed strictly and all doubts are resolved

26  in favor of remand, the court finds Defendant has failed to submit evidence

27  substantiating any specific amount of attorney's fees in controversy.

28  / / /

## **CONCLUSION**

Thus, the court determines Defendant has failed to demonstrate the amount in controversy exceeds $75,000 and finds that diversity jurisdiction does not exist.  The court, therefore, REMANDS the action to the Los Angeles County Superior Court, Case No. 23TRCV03241.  All dates and deadlines in this court are VACATED.  The clerk of the court shall close the action administratively.


IT IS SO ORDERED.


Dated: February 2, 2024


_____
FERNANDO L. AENLLE-ROCHA
United States District Judge